FIRST DEPARTMENT, OCTOBER, 1972

(OCTOBER 2, 1972)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT NEWMAN, Appellant. (As amd. Oct. 31, 1972.)— Order, Supreme Court, New York County, entered July 14, 1972, unanimously modified, on the law, to add to the subpoena duces tecum, subject of the motion to quash, the conditions hereinafter set forth, without costs; mandate, Supreme Court, New York County, entered July 25, 1972, unanimously modified, on the law and in the exercise of discretion, to provide that, within thirty days from entry of the order to be settled hereon, defendant-appellant may be purged of the adjudication of contempt by complying with the said subpoena as so modified,

without costs. Apparently motivated by the highest ethical canons of the medical profession in respect of confidential relations with a patient, defendant-appellant Assistant Commissioner of Health Services, responsible for direction of our city's methadone treatment program, has refused to obey a subpoena, as ordered by the court, which called upon him to produce certain photographs of patients so that a witness to a homicide might view them. The witness, said to be a patient in the drug program, has told investigating authorities that she believes the perpetrator of the crime to have been a fellow patient, and it is desired that she have the opportunity to endeavor to select his picture from amongst those of the patients. The program has Federal financing, and the applicable Federal statute controls. Absent consent by the unknown patient-suspect, "the content of * * * [his] * * * record may be disclosed * * * If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." (U. S. Code, tit. 21, § 1175, subd. [b], par. [2], cl. [C]). Special Term has weighed these factors and, implicit in the order here reviewed, has determined that the public interest in apprehending a killer outweighs possible injury to a patient by his mere identification as such as well as any possible injury to the physician-patient relationship and to the treatment services. In ruling upon the question, however, Special Term did not "impose appropriate safeguards against unnecessary disclosure" as required by the same section and subdivision of the United States Code. Appropriate safeguards have been consented to by the People, both in the papers under review and on argument, and we now impose them: that the witness view the photos under supervision of defendant Commissioner or someone designated by him, and that none of the pictures may be exhibited to police or prosecutor except that one which she may identify as the person sought; to that extent we modify the order appealed from. Since the safeguards were not in effect when appellant refused to obey the subpoena, we do now grant him the opportunity to be purged of contempt, as above set forth. With these safeguards, the Commissioner may now comply with the court's direction without fear of any breach of ethics. In concluding, we add that we find recourse to CPLR 4504 (subd. [a]) misplaced. Privilege against revelation of doctor-patient communication can be invoked only after the existence of the relationship has been determined. The only revelation sought is precisely that: identification of the patient as such. Settle order. Concur — Stevens, P. J., McGovern, Markewich, Nunez and McNally, JJ.